# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of, | No. 54902-6-II |
| GABRIEL JOSEPH MORALES, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, J. – Gabriel Morales seeks relief from personal restraint imposed as a result of his multiple 2017 convictions. He argues that the trial court erred because it did not recognize that it had the discretion to run two of his sentences concurrently rather than consecutively. We disagree, and therefore we deny his petition and his request for appointment of counsel.

## FACTS

In 2017, Morales was convicted of unlawful possession of heroin with intent to deliver (Count I); unlawful possession of oxycodone, a controlled substance (Count II); first degree unlawful possession of a firearm (Count III); and possession of a stolen firearm (Count IV). His standard sentence ranges were as follows: Count I – 100+ to 120 months, plus a 36-month firearm sentencing enhancement; Count II – 100+ to 120 months, plus an 18-month firearm sentencing enhancement; Count III – 87 to 116 months; and Count IV – 72 to 92 months.

The trial court was required to run the firearm sentencing enhancements consecutive to the base sentences and to each other. RCW 9.94A.533(3).[1] And under RCW 9.41.040(6) and RCW 9.94A.589(1)(c), the trial court was required to run the sentences for Count III and Count IV consecutive to each other. Running the sentences in Count I, II and III concurrently, Count IV consecutively, and the firearm sentencing enhancements consecutively resulted in a standard sentence range of 226 to 270 months.

Morales requested an exceptional sentence downward of 120 to 160 months, based on the mitigating factor contained in RCW 9.94A.535(1)(g): "The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purposes of this chapter." The trial court considered Morales's request but declined to find a mitigating factor. Instead, the court imposed sentences at the low end of the standard ranges, with the sentences in Count I, II and III running concurrently, Count IV running consecutively, and the firearm sentencing enhancements running consecutively, for a total of 226 months.

Morales filed a timely personal restraint petition and requested appointment of counsel.

ANALYSIS

Morales argues that the trial court erred in imposing his standard range sentence because it did not recognize that it had the discretion to impose an exceptional sentence by running the sentences in Count III and Count IV concurrently rather than consecutively. He cites *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017) (discretion to impose an exceptional sentence for sentences to be run consecutively under RCW 9.94A.589(1)(c)) and *In re Personal Restraint*

---

[1] All the statutes cited in this opinion have been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statutes.

*of Mulholland*, 161 Wn.2d 322, 166 P.3d 677 (2007) (discretion to impose an exceptional sentence for sentences to be run consecutively under RCW 9.94A.589(1)(b)).

However, both *McFarland* and *Mulholland* provide that before exercising the discretion to impose concurrent sentences as an exceptional sentence, the trial court first must find a mitigating factor justifying an exceptional sentence. *McFarland*, 189 Wn.2d at 53-55; *Mulholland*, 161 Wn.2d at 327-28. Unlike the trial courts in those cases, here the trial court did not find a mitigating factor justifying an exceptional sentence. Therefore, it did not fail to exercise its discretion in declining to impose an exceptional sentence. Nor does Morales show that the trial court was unaware of that discretion, if it had found a mitigating factor.

CONCLUSION

Morales does not show any grounds for relief from personal restraint. Therefore, we deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, A.C.J.

3